```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JAMES C. WOODHAM, | : | **CIVIL NO. 1:11-CV-2095** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| DAVID VARANO, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### Background: State Court.

James C. Woodham, the petitioner, filed this 28 U.S.C. § 2254 habeas corpus petition on November 9, 2011. He was convicted on February 7, 2003 in the Court of Common Pleas of Bradford County, by a jury, of three counts of possession of methamphetamine and of one count of possession with the intent to deliver that controlled substance. On March 6, 2003, he was sentenced to a term of 72 to 144 months.

He filed an appeal. The conviction was affirmed; however, the lower court's order that the petitioner pay restitution for buy money used by a drug enforcement agent was

vacated. A petition to the Supreme Court of Pennsylvania for the allowance of an appeal was denied on August 6, 2004.

The petitioner filed a Post Conviction Relief Act (PCRA) petition in the Bradford County Court on January 9, 2005. The petition was denied on May 17, 2005. An appeal to the Superior Court of Pennsylvania was denied on November 20, 2007. A petition to the Supreme Court of Pennsylvania for the allowance of an appeal was denied on May 13, 2008. The petitioner filed a second PCRA petition in the Bradford County Court on November 24, 2008. The second PCRA petition was dismissed by the state court on January 17, 2011. The petitioner appealed to the Superior Court of Pennsylvania, but he dismissed that appeal on April 6, 2011. *See* Doc. 13, Exhibits 36-39.

**Background: Prior Federal Court Petition**.

A 28 U.S.C. § 2254 petition raising twenty claims was filed in this court by petitioner Woodham on Sepbember 28, 2008. *Woodham v. Varano*, M.D. Pa. Civil No. 4:CV-08-1731. That petition was denied by Order of June 22, 2009 for the

2

reason that the petitioner had failed to exhaust state judicial remedies as to all of his claims.  The petitioner had asked the court in the course of proceedings in that earlier petition to stay the case while the petitioner completed the exhaustion of state judicial remedies.  The court had denied that request to stay that case and did in fact dismiss it.

**The Petitioner's Claims**.

In this petition, the petitioner raises 20 grounds for habeas corpus relief.  Of these 20, the respondent acknowledges that Grounds 2, 3, 4, 5 and 6 have been presented to the state courts.  The respondent asserts that the other claims were not presented to the state courts and are procedurally defaulted.  The petitioner does not refute that.

**The 28 U.S.C. § 2244(d) Limitations**.

> 28 U.S.C. § 2244(d) provides:
>    (d) (1) A 1-year period of limitation
> shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The
> limitation period shall run from the latest of-

>       (A) the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>       (B) the date on which the impediment to
> filing an application created by State action
> in violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>       (C) the date on which the constitutional
> right asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>       (D) the date on which the factual
> predicate of the claim or claims presented
> could have been discovered through the exercise
> of due diligence.
>    (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be
> counted toward any period of limitation under
> this subsection.

There is no basis presented to find that subsections (B) (C) or (D) of 28 U.S.C. § 2244(d)(1) apply to the petitioner's claims.  Accordingly, the claims are subject to 28 U.S.C. § 2244(d)(1)(A) and the one-year statute of limitations began to run on the date that the judgment of conviction became final.

The petitioner's judgment of conviction became final on November 4, 2004, the date on which his opportunity to file a timely petition to the United States Supreme Court for a writ of certiorari expired. He did not seek certiorari. The period of limitation then ran for 66 days until, on January 9, 2005, he filed his first PCRA petition.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitation is tolled during the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. Thus, in this case, the statute of limitations was tolled from January 9, 2005 until May 13, 2008, the date upon which the Pennsylvania Supreme Court declined to allow an appeal of the denial of the first PCRA petition.

The period of limitations began running again on May 14, 2008.

The petitioner's federal habeas corpus petition, pending from September 18, 2008 until August 11, 2009, did not

5

toll the running of the period of limitations. *See Duncan v. Walker,* 533 U.S. 167 (2001). Assuming that the second PCRA petition, pending from November 24, 2008 to April 6, 2011, did toll the running of the period of limitations, the periods of time to be added to the already used 66 days is the 194 days from May 14, 2008 to November 23, 2008 and the 217 days from April 7, 2011 to November 9, 2011. Thus, the period after the conviction became final and before this petition was filed, after excludable time, exceeded one year.

The one-year limitation in 28 U.S.C. § 2244 functions as a statute of limitations and is subject to equitable tolling. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). The doctrine of equitable tolling should be invoked "sparingly." *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Equitable tolling is proper only when the principles of equity make the rigid application of the limitations period unfair. *Miller*, *supra*, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

6

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Mere excusable neglect is not sufficient." *Miller*, *supra*, 145 F.3d at 619. In non-capital cases, attorney error does not rise to the extraordinary circumstances required for equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002). Equitable tolling may however be warranted where an attorney affirmatively lied to his or her client regarding a filing date. *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)(citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241-242 (3d Cir. 1991)).

Grounds for equitable tolling are not present here. The petitioner's claims are barred by the statute of limitations.

**The Petition Contains Unexhausted Claims**.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and

7

correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra*, 835 F.2d at 508. Further, "state prisoners must give the state courts one full

8

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, *supra*, 526 U.S. at 845.

The habeas petitioner must exhaust his state remedies as to each of his federal claims. If a habeas corpus petition contains both exhausted and non-exhausted claims the petition should normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982). However, an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. 28 U.S.C. § 2254(b)(2).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also, McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied

9

because there is "an absence of available State corrective process.'"). A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

Because it appears that any additional Post Conviction Relief Act petition filed by the petitioner would be untimely, *see 42 Pa.C.S.A. § 9545(b)(petition must be filed within one year of the date judgment becomes final)*, it is not clear that there are any state remedies left for the petitioner to exhaust. We conclude that the petitioner has procedurally defaulted claims numbered 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20. The petitioner has not shown cause[1] and

---

1. To establish "cause" for a procedural default, a petitioner
(continued...)

prejudice or a fundamental miscarriage of justice to excuse the default.

**Recommendation**.

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   February 28, 2012.

---

1.  (...continued)
must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Ineffective assistance of counsel may meet this standard but only if the ineffective assistance of counsel claim has been exhausted in the state courts as an independent claim. *Id.*  In the instant case, the petitioner can not establish ineffective assistance of counsel as cause for his failure to present his defaulted claims to the Pennsylvania courts because the petitioner has not exhausted such ineffective assistance claims in state court.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself.").  Moreover, since there is no Sixth Amendment right to representation during a collateral challenge to a conviction, the ineffectiveness of PCRA counsel can not serve as cause for a procedural default.  *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).